Filed 4/10/14  P. v. Lemmons CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>KYLE EVERETT LEMMONS,<br><br>　　　Defendant and Appellant. | E057076<br><br>(Super.Ct.No. RIF140496)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  W. Charles Morgan, Judge.  (Retired judge of the Riverside Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6, of the Cal. Const.)  Affirmed.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Respondent.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION[1]

Defendant Kyle Everett Lemmons tried unsuccessfully to cash a stolen check at a bank. On a street outside the bank, he engaged in a gun battle with a police officer.

A jury convicted him of one count of attempted murder of a peace officer, which was not willful, deliberate or premeditated. (§§ 187, subd. (a), and 664, subd. (e).) The jury further found that defendant personally and intentionally discharged a firearm in the commission of the attempted murder (§ 12022.53, subd. (c), and 1192.7, subd. (c)(8)). The jury also convicted defendant of one count of burglary (§ 459), and one count of receiving stolen property (§ 496, subd. (a)). The court sentenced defendant to an indeterminate term of seven years to life plus 20 years on count 1 and concurrent sentences on the other two counts.

On appeal, defendant argues the court committed *Pitchess*[2] error and failed to give a unanimity instruction. (CALCRIM No. 3500.) We hold there was no prejudicial error and affirm the judgment.

---

[1] All statutory references are to the Penal Code unless stated otherwise.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

# II

## STATEMENT OF THE FACTS

*A. Prosecution Evidence*

Defendant admitted counts 2 and 3 (burglary and stolen property) based on defendant's unsuccessful attempt to cash a check for $18,295.64 that he had stolen from his workplace.

About 9:00 a.m. on December 6, 2007, on the street outside Union Bank in downtown Riverside, a Riverside police officer, Miguel Rivera, responded to a 911 call about an African-American man armed with a gun. When Officer Rivera exited his squad car, defendant took off running. Defendant reached into his pants, pulled out a gun, aimed and fired at Rivera. Rivera ducked behind his vehicle and called for help. Defendant continued running and fired a second shot. Rivera continued his pursuit, pulled out his handgun, and returned fire. Defendant continued running while aiming and shooting at Rivera.

A woman was in her car with the driver's door open when she heard gun shots. She grabbed her car keys, and fled back to her workplace, leaving the car door standing open. Defendant intended to steal the car but there were no keys.

Defendant crouched behind the open car door and fired additional shots at Rivera who was coming toward defendant. As the officer fired one last shot, defendant ran through a parking structure. Eventually, defendant was arrested and taken into custody.

3

The gun battle lasted about four minutes. Defendant had fired multiple bullets. His gun was empty when it was recovered.

Several witnesses confirmed that Rivera had announced he was a police officer before defendant initiated the gun fight. While trying to escape, defendant continued to aim and fire at the officer.

## B. Defense Evidence

Defendant's pastor, neighbor, and two friends testified as character witnesses that defendant was peaceful and nonviolent.

In defendant's trial testimony, he admitted trying to cash the stolen check. When he left the bank, he ran from the officer because he did not want to get caught. He admitted firing first at Rivera but he claimed he was not aiming at him or intending to kill him. Instead, he fired "upward" to scare the officer. Defendant admitted a gun could be deadly and he had fired in the direction of the officer. Earlier defendant had admitted to detectives that he was aiming at the officer.

## III

## *PITCHESS* MOTION

Defendant filed two *Pitchess* motions which the court deemed insufficient and denied. On appeal, defendant argues the trial court abused its discretion in denying the motion.

*A. Background*

On December 19, 2007, about two weeks after the gun battle, Rivera became involved in an off-duty altercation at a night club. After Rivera lied during the internal affairs investigation, he was terminated from the police department. In August 2008, Rivera was convicted of disturbing the peace for fighting in public. (§ 415, subd. (a).)

Based on the nightclub incident, defense counsel filed a *Pitchess* motion for the discovery of Rivera's personnel file from the Riverside Police Department. The motion sought to obtain any information regarding complaints made against Rivera for "acts . . . constituting racial prejudice, dishonesty, false arrest, the fabrication of charges," or, "any act involving morally lax character," or finally, any "aggressive behavior, acts of violence and/or attempted violence, acts of excessive force and/or attempted excessive force." The supporting declaration asserted that defense counsel believed Rivera may have fabricated the charges against defendant. The declaration also asserted that Rivera had used excessive force in arresting defendant.

The Riverside City Attorney opposed the motion, arguing that defendant had failed to establish good cause warranting an in camera review of Rivera's personnel file. On March 23, 2012, the court denied the motion as facially insufficient.

Defense counsel filed a second *Pitchess* motion, similar to the first. The supporting declaration stated that the discovery was necessary to locate witnesses and investigate Rivera's character for dishonesty, aggressiveness, and use of excessive force. The new declaration added the following allegation, "Officer Rivera was the one who

5

first pulled out the gun and shot at the Defendant. . . . As a result of excessive force used by Officer Rivera the Defendant used force to protect himself." The declaration again asserted that Rivera had fabricated the charges against defendant.

The court denied the second *Pitchess* motion, explaining, "I believe it's deficient on its face, once again. Though the police report's attached and there's a different declaration, there's no scenario laid out here that would merit going in camera and examining the peace officer's personnel file."

*B. Discussion*

The trial court determines whether there is good cause for the disclosure of the personnel record of a police officer. (Evid. Code, §§ 1043, 1045.) Good cause for discovery exists when the defendant demonstrates (1) materiality of the requested material to the pending action, and (2) a reasonable belief the agency has the type of information sought. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1016-1019.) Absent a showing of good cause, an officer's personnel records are not relevant. (*People v. Collins* (2004) 115 Cal.App.4th 137, 151.) The trial court's broad discretion will not be disturbed absent an abuse of that discretion. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039; *People v. Mooc* (2001) 26 Cal.4th 1216, 1228.) Furthermore, reversal is not required unless the defendant can show the error was prejudicial. (*People v. Samuels* (2005) 36 Cal.4th 96, 110.)

In *Warrick v. Superior Court, supra*, 35 Cal.4th 1011, the California Supreme Court clarified that, although the standard of good cause has a "'relatively low

6

threshold,'" the materiality inquiry nonetheless requires "not only a logical link between the defense proposed and the pending charge, but also to articulate how the discovery being sought would support such a defense or how it would impeach the officer's version of events." (*Id*. at pp. 1019, 1021.) A plausible scenario of officer misconduct is one that might have occurred because it describes specific police misconduct that is both internally consistent and supports the proposed defense. (*Id.* at pp. 1025-1026.) To show good cause, defendant needed to present a factual scenario which was 1) sufficiently specific, 2) plausible, 3) internally consistent, and 4) supportive of the defense offered against the charges. The affidavit showing good cause may be on information and belief and does not have to be based on personal knowledge but the information must be requested with "sufficient specificity to preclude the possibility of a defendant's simply casting about for any helpful information." (*People v. Mooc, supra,* 26 Cal.4th at p. 1226.)

Defendant's supporting declaration offered two factual scenarios: 1) that excessive force was used in his arrest when Officer Rivera fired his weapon first and defendant acted in self-defense and 2) that the charges were entirely fabricated. Defendant did not specify what constituted excessive force except Rivera purportedly fired first. However, all the eyewitnesses confirmed that defendant fired multiple times before Rivera unholstered his gun. Accordingly, the officer's use of his weapon was entirely justified and not excessive force. Defendant's proposed factual scenario was not

7

plausible or internally consistent. It also did not support the defense that defendant had no intent to kill. At trial, defendant never claimed self-defense.

The additional allegation that the charges were entirely fabricated also fails. Defendant did not explain how Rivera had lied about the shooting. Defendant admitted shooting his weapon and firing many times, contradicting any contention that the charges were entirely fabricated. Defendant's admissions were consistent with the eyewitness testimony and the physical evidence. Therefore, it was not plausible that the officer fabricated the charges against defendant. Also Rivera's character for dishonesty or aggressiveness would have no bearing on whether defendant acted with an intent to kill.

As explained above, defendant's *Pitchess* motion did not establish good cause for the discovery of Rivera's personnel file. The trial court properly exercised its discretion in denying the *Pitchess* motion because the declaration contained only general allegations of misconduct and did not offer any plausible scenario about how the evidence supported defendant's defense. (*People v. Sanderson* (2010) 181 Cal.App.4th 1334, 1340.)

Furthermore, defendant cannot show prejudice. (*People v. Memro* (1985) 38 Cal.3d 658, 684, overruled on another point in *People v. Gaines* (2009) 46 Cal.4th 172, 181, fn. 2.) To establish prejudice, defendant must show that there was a reasonable probability that the outcome of the case would have been different had information been disclosed to the defense. Here the jury rejected defendant's claim he did not intend to kill Rivera, an issue which was not affected by Rivera's history. In addition, Rivera was impeached when he was questioned about being fired for lying about the off-duty

8

incident.  It is not reasonably probable that additional impeachment evidence would have caused a better outcome for defendant.  The testimony of Rivera, the eyewitnesses, and defendant was consistent.  Everyone agreed defendant fired first, aiming in Rivera's direction.  In view of the overwhelming evidence of defendant's intent to kill, the denial of the *Pitchess* motion was not prejudicial.

Because the trial court did not abuse its discretion in denying the *Pitchess* motion and because defendant cannot show prejudice, there was no due process violation. (*People v. Gaines, supra,* 46 Cal.4th at p. 183.)  Absent prejudice, defendant also cannot establish ineffective assistance of counsel.  (*Strickland v. Washington* (1984) 466 U.S. 668, 688.)  For the foregoing reasons, we also reject defendant's request for a remand to conduct an in camera inspection of defendant's file.  (*Gaines,* at p. 180.)

IV

UNANIMITY INSTRUCTION

Finally, defendant contends that the trial court erred when it did not instruct the jury sua sponte with a unanimity instruction.  (Cal. Const., art. I, § 16; *People v. Jones* (1990) 51 Cal.3d 294; *People v. Thompson* (1995) 36 Cal.App.4th 843, 850.)  No unanimity instruction was required because the continuous course of conduct exception applies.  Furthermore, any error was harmless.

As a general rule, when the evidence establishes several criminal acts, any one of which could constitute the crime charged, either the state must elect the act upon which it relied for the allegation of the information, or the jury must be instructed that it must

9

agree unanimously upon which act to base a verdict of guilty. (*People v. Jennings* (2010) 50 Cal.4th 616, 679; *People v. Maury* (2003) 30 Cal.4th 342, 423; *People v. Russo* (2001) 25 Cal.4th 1124, 1132.) However, a unanimity instruction is not required when the alleged acts are so closely connected as to form a continuous course of conduct. (*Jennings*, at p. 679; *People v. Napoles* (2002) 104 Cal.App.4th 108, 115.)

The exception applies "when the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them." (*People v. Stankewitz* (1990) 51 Cal.3d 72, 100.) "In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." (*People v. Russo, supra,* 25 Cal.4th at p. 1135.)

CALCRIM No. 3500[3] was not required because the attempted murder charge was based on an ongoing gun battle lasting about four minutes. Defendant admitted shooting but denied having an intent to kill. The shooting could not reasonably be divided into discrete criminal events. As explained in *Russo*, although the evidence presented the

---

[3] CALCRIM No. 3500 provides: "The People have presented evidence of more than one act to prove that the defendant committed this offense. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act (he/she) committed."

possibility that the jury could divide on the issue of when defendant formed the intent to kill, there was no risk that the events could be viewed as discrete crimes with some jurors reaching a guilty verdict on one event, and some jurors reaching a guilty verdict on another event. In such a scenario, a unanimity instruction is not required. (*People v. Russo, supra*, 25 Cal.4th at p. 1135.)

Defendant mischaracterizes the prosecutor's argument as making an election of a single shot as the basis for the murder charge. Instead, when read in its entirety, the prosecutor's closing argument describes the entire attack—as a continuous event—as the basis for the charge: "Here's the reasons why we know that the defendant was intending to kill the officer. He shot at him 10 times. . . . Each of those shots, he aimed at the officer and shot the gun. He tracked Officer Rivera with the gun. . . . He is tracking that officer with the gun while he's shooting. . . . [¶] He aims in the direction of the police officer and fires multiple times. He shoots until the gun's empty. . . . The defendant **continued** to shoot the gun at the officer, shoot a bullet . . . over and over and over and over." At the conclusion of her argument, the prosecutor reiterated that defendant had "repeatedly fired over and over and over and over [¶] . . . [¶] . . . shooting and aiming and tracking with that officer until his gun was empty and he couldn't shoot anymore."

No unanimity instruction was required because the events constituted a continuous course of conduct and the prosecutor relied on that conduct in arguing defendant's guilt. Furthermore, any error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Wolfe* (2003) 114 Cal.App.4th 177, 188.)

11

"Where the record indicates the jury resolved the basic credibility dispute against the defendant and therefore would have convicted him of any of the various offenses shown by the evidence, the failure to give the unanimity instruction is harmless." (*People v. Curry* (2007) 158 Cal.App.4th 766, 783.) The only dispute in this case was whether defendant intended to kill Rivera when he fired at him. The jury did not find defendant to be credible. Any error in not giving a unanimity instruction is harmless beyond a reasonable doubt.

V

DISPOSITION

There was no *Pitchess* error, instructional error, or prejudice. We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

12